UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 21-CR-228 (CRC) |
| | : | |
| ERIC BARBER, | : | |
| | : | |
| *Defendant.* | : | |

### UNITED STATES' MEMORANDUM IN SUPPORT OF
### SENTENCING RECOMMENDATION

The United States of America, by and through the United States Attorney for the District of Columbia, hereby submits this memorandum in support of its sentencing recommendation. Because federal procedural law, and by extension, the federal law governing probation revocation, governs the probation-revocation proceeding at issue in this case, the Court must apply 18 U.S.C. § 3565, and it may resentence the defendant to any sentence that would have been available at his original sentencing.

**I.  RELEVANT BACKGROUND**

On December 16, 2021, defendant Eric Barber pled guilty to two violations stemming from his participation in the riot at the U.S. Capitol on January 6, 2021. One of those was a violation of D.C. Code § 3212, Theft II. On that count, the Court sentenced the defendant to: (1) a seven-day suspended sentence; and (2) 24 months' probation.

On May 30, 2023, the Court held a revocation hearing at which it found the defendant had committed multiple violations of his probation, including: being arrested for possession of marijuana; knowingly leaving the district of supervision without notifying the probation officer; failing to notify the probation officer of contact with law enforcement; and use of an unlawful

substance. The defendant is now subject to sentencing on the probation revocation proceeding in district court.

At the revocation hearing on May 30, 2023, the defendant argued that the D.C. Code required the Court to revert its sentence to the seven-day suspended sentence. The Court continued the hearing and permitted briefing on whether the local D.C. Code or federal law governs the implementation of a revocation sentence.

## II. ANALYSIS

### A. Federal law—not the D.C. Code—controls this proceeding and the Court may resentence the defendant to any sentence that was originally available.

As an initial matter, Section 11–502(3) of the D.C. Code ("Criminal Jurisdiction") vests in the United States District Court for the District of Columbia jurisdiction over "any offense under any law applicable exclusively to the District of Columbia which offense is joined in the same information or indictment with any Federal Offense." Thus, when a D.C. Code offense and a federal offense are properly joined in an information or indictment, the district court exercises "pendent jurisdiction" over the D.C. Code offense. *United States v. Harmon*, 474 F. Supp. 3d 76, 85 n.4 (D.D.C. 2020) (Howell, J.).

Section 11–502 was originally enacted in order to avoid the procedural difficulties inherent in trying a single defendant for related D.C. Code and federal offenses in two separate proceedings. *See United States v. Garnett*, 653 F.2d 558, 561 (D.C. Cir. 1981) (noting that the anomaly persists because it "eliminat[es] the procedural difficulties of trying a single defendant for related federal and D.C. Code offenses in two courts") (internal quotation marks omitted).

In all other states, federal courts do not have jurisdiction over local or state crimes. *Harmon*, 474 F. Supp. 3d at 85 n.4. Thus, the issue of whether federal or state law controls a probation

revocation hearing concerning a state law violation in federal court would be unlikely to arise outside the District of Columbia.

    B. **<u>Federal procedural law—not the D.C. Code—controls a federal court's adjudication of criminal violations under the D.C. Code.</u>**

Although there does not appear to be a case directly considering what law controls a probation revocation hearing, courts in this district and the D.C. Circuit have clearly and repeatedly held that federal procedural law controls D.C. Code related matters arising under Section 11–502(3).[1]

"[T]he D.C. Circuit has repeatedly held that a single set of procedural rules—the rules that govern federal courts—apply with respect to the federal court's adjudication of alleged criminal violations of the D.C. Code." *United States v. Greene*, 516 F. Supp. 3d 1, 15 (D.D.C. 2021) (Brown Jackson, J.) (compiling D.C. circuit cases holding that federal law applies to such proceedings, including those relating to evidentiary rules and bail). This is so because the point of giving federal courts the authority to adjudicate D.C. Code offenses was to "eliminat[e] the 'procedural difficulties' of trying a single defendant for related federal and D.C. Code offenses in two courts" *Id.* at 15.

In other words, federal law is "unquestionably" the source of a federal judge's sentencing authority. *Id.* at 16. This includes Section 3551 of Title 18 of the U.S. Code, governing methods by which a defendant is sentenced, and Section 3553, describing factors to be considered at sentencing. *Id.*

Moreover, the sentence a defendant receives in federal court for a D.C. Code violation is nevertheless a federal sentence: "[O]nce the defendant is sentenced, either pursuant to federal statutes and guidelines or under the D.C. Code, the federal court has imposed a legally enforceable

---

[1] Substantive law, on the other hand, must be drawn from the D.C. Code. 516 F. Supp. 3d at 15.

consequence for the defendant's criminal conviction, and thus, for all intents and purposes, the defendant has received a federal sentence." *Id.* at 19.

Because the procedural law governing the case is federal law, and the sentence the defendant received is a federal sentence, the law governing his revocation proceeding, then, must also be federal law.

Thus, the follow-up inquiry is whether the revocation proceeding, and the sentence that arises from it, is procedural in nature. If it is, then federal law applies. If it is not, then we may turn to the D.C. Code for further guidance.

Here, the proceeding—the revocation of a federal sentence—is inherently procedural. No different than a federal court that adjudicates an evidentiary issue during trial or a decision over whether a defendant may be released pretrial, the utility of a single body of law to govern questions like this helps to streamline the issues presented and eliminate nuanced legal technicalities. 516 F. Supp. 3d at 19. Indeed, then-Judge Brown Jackson noted this in *Greene*, as she applied federal law to motions for compassionate release, where the defendant was serving a federal sentence on D.C. Code offenses.

Moreover, the statute governing revocation is also quintessentially procedural. Section 3565 describes, for example, in detail, the procedure by which a court must assess and meet out the consequences of a defendant's probation or supervised release violation.

### C. The Court may resentence the defendant to any sentence that was originally available.

Because federal law controls the revocation proceeding in this case, the applicable statute is section 3565 ("Revocation of probation"). Upon finding that the defendant violated the terms of his probation, the Court may "revoke the sentence of probation and resentence the defendant." 18

U.S.C. § 3565(a)(2).[2] Nothing in the U.S. Code confines the Court to the suspended sentence imposed earlier.

Moreover, in this case, the Court must impose a term of imprisonment. Subsection (b) requires mandatory revocation for possession of a controlled substance: "If the defendant possesses a controlled substance … the court shall revoke the sentence of probation and resentence the defendant under subchapter A to a sentence that includes a term of imprisonment." 18 U.S.C. § 3565(b). Because the defendant's probation violation involved, among other things, the unlawful possession of marijuana, which is a controlled substance under federal law, the Court must resentence the defendant to a term of imprisonment consistent with § 3565.

### III. CONCLUSION

WHEREFORE, the United States respectfully requests that the Court hold that federal law applies to the revocation proceeding at issue in this case, revoke the defendant's probation pursuant to 18 U.S.C. § 3565, and resentence the defendant to a term of imprisonment.

---

[2] To the extent the Court disagrees with the government's assessment, the Court look likely not impose a new sentence. *See* D.C. Code § 24-304 ("[T]he court may revoke the order of probation and cause the rearrest of the probationer and impose a sentence and require him to serve the sentence or pay the fine originally imposed, or both, as the case may be, or any lesser sentence."); *Mulky v. U.S.*, 451 A.2d 855, 857 (D.C.C.A. 1982) ("court ... may amend a sentence so as to mitigate the punishment, but not so as to increase it") (citation omitted). Thus, if the Court finds that the controlling law is based on the D.C. Code, rather than § 3565, then the Court may impose a sentence of incarceration up to seven days in length.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MATTHEW M. GRAVES<br>United States Attorney<br>D.C. Bar No. 481052 |
| By: | /s/ *Eric W. Boylan*<br>ERIC W. BOYLAN<br>Assistant United States Attorney<br>Texas Bar No. 24105519<br>United States Attorney's Office<br> for the District of Columbia<br>United States Department of Justice<br>(202) 815-8608<br>eric.boylan@usdoj.gov |