UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| v. | ) | CR. NO. 21-CR-228 (CRC) |
| **ERIC BARBER** | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF SENTENCING POSITION

Eric Barber, through undersigned counsel, respectfully files this memorandum of law in support of his sentencing position that the Court may only impose a sentence of 7 days, for several reasons detailed below. In short, this Honorable Court imposed a sentence and suspended the execution of that sentence and gave probation. As a result, any revocation of probation requires the court to impose the sentence it defined before probation began. This Honorable Court lacks authority to impose any sentence longer than 7 days. To the extent that there is any ambiguity, the ambiguity must be resolved in the defendant's favor. Moreover, the Constitutional right against Double Jeopardy requires the Court to impose no more than the suspended portion of the sentence it pronounced.

### I.   Brief Procedural History

On June 14, 2022, the Honorable Court sentenced Mr. Barber to 45 days incarceration for Parading, Demonstrating, or Picketing in a Capitol Building (Count 4) and to 7 days for Theft II (Count 5). The Court "suspend[ed] the imposition of the sentence, as to Count 5" and imposed "24 months [probation] as to Count 5." Judgement and Commitment Order, ECF No. 45 pp. 2-3.

On April 21, 2023, the Probation Office filed a probation petition alleging violations of probation. On May 30, 2023, at the initial appearance on the probation petition, the parties

agreed to proceed to a final revocation hearing. The Probation Office and the government argued that Mr. Barber should be sentenced to 120 days incarceration for violation of probation. The defense argued that Mr. Barber's punishment was limited to 7 days, not 120 days, because the Court suspended the execution of the sentence of 7 days in place of probation. Mr. Barber was detained pending the final revocation hearing, scheduled for June 11, 2023 at 11:00 a.m.

II. **Legal Standard**

Since Mr. Barber was sentenced to a federal misdemeanor under Title 40 of the United States Code, the federal sentencing guidelines do not apply. Furthermore, since the Court did not impose probation on the federal misdemeanor, the U.S. Sentencing Guidelines on revocation of probation do not apply.

This Honorable Court had the power to impose probation and suspend the execution of the sentence under D.C. Code §§16-710 (a) and (b), which state:

> (a) Except as provided in subsection (b), in criminal cases in the Superior Court of the District of Columbia, the court may, upon conviction, suspend the imposition of sentence or **impose sentence and suspend the execution thereof**, or impose sentence and suspend the execution of a portion thereof, for such time and upon such terms as it deems best, if it appears to the satisfaction of the court that the ends of justice and the best interest of the public and of the defendant would be served thereby. **In each case of the imposition of sentence and the suspension of the execution thereof,** or the imposition of sentence and the suspension of the execution of a portion thereof, **the court may place the defendant on probation under the control and supervision of a probation officer.** The probationer shall be provided by the clerk of the court with a written statement of the terms and conditions of his probation at the time when he is placed thereon. He shall observe the rules prescribed for his conduct by the court and report to the probation officer as directed. A person may not be put on probation without his consent.
>
> (b) The period of probation referred to in subsection (a), together with any extension thereof, shall not exceed 5 years.

D.C. Code §§16-710 (a) and (b) (2001 ed.) (emphasis added).

The revocation of D.C. Code probation is government by D.C. Code § 24-304, which states:

> Upon the expiration of the term fixed for such probation, the probation officer shall report that fact to the court, with a statement of the conduct of the probationer while on probation, and the court may thereupon discharge the probationer from further supervision, or may extend the probation, as shall seem advisable. At any time during the probationary term the court may modify the terms and conditions of the order of probation, or may terminate such probation, when in the opinion of the court the ends of justice shall require, and when the probation is so terminated the court shall enter an order discharging the probationer from serving the imposed penalty; or the court may revoke the order of probation and cause the rearrest of the probationer and impose a sentence and require him to serve the sentence or pay the fine originally imposed, or both, as the case may be, or any lesser sentence. If imposition of sentence was suspended, the court may impose any sentence which might have been imposed. If probation is revoked, the time of probation shall not be taken into account to diminish the time for which he was originally sentenced.

D.C. Code § 24-304 (2001 ed).

### III. Argument

#### a. The Court imposed a sentence of 7 days for Count 5 and suspended the execution of the sentence.

In the District of Columbia (as in federal court before the Sentencing Reform Act), courts may either suspend the *imposition* of a sentence or suspend the *execution* of a sentence. When a court suspends the *imposition* of a sentence and gives probation, the defendant is subject to the statutory maximum on revocation. *See e.g. Smith v. United States*, 597 A.2d 377 (D.C. 1991) (concluding that the trial court could impose a sentence of 120 days on revocation, where the trial court originally suspended imposition of "a sentence"). However, when the court suspends the *execution* of a sentence, the court imposes a specific number of days of incarceration and suspends the execution of that sentence and places the defendant on probation. In that case, if revocation occurs, the defendant can only be sentenced to the number of days of incarceration determined at the time of the sentence. *See e.g. Nelson v. United States*, 479 A.2d 340 (D.C.

1984) (affirming the imposition of three years, two years and one year consecutive terms of imprisonment on revocation of probation, where the trial court originally sentenced the defendant to "consecutive terms of imprisonment of three years, two years, and one year" and suspended the execution of the sentence and placed defendant on probation).

This Honorable Court specified that on Count 5, Mr. Barber was sentenced to 7 days of imprisonment. See Judgement and Commitment Order at p. 2. The Court granted probation in lieu of Mr. Barber serving the 7-day sentence. While the written judgment is styled as if the Court suspended the "imposition" of the 7-day sentence, it is clear that the Court in fact imposed a 7-day sentence and suspended the *execution* of the sentence. The 7-day sentence specified in the judgment would otherwise be completely meaningless.

      b. **The Court may not impose a sentence of more than 7 days incarceration because it suspended the execution of the sentence.**

The case law is unequivocal that when the execution of a sentence is suspended, the Court may not, at the revocation stage, increase the imposed penalty imposed for the crime of conviction. In *Roberts v. United States*, 320 U.S. 264 (1943), the defendant was sentenced to two years of imprisonment and the court suspended the execution of the two year sentence and released the defendant on five years of probation. *Id.* at 265. After a revocation hearing, the court set aside the two-year sentence and imposed a new sentence of three years. The Supreme Court reversed, holding that the court had no legal authority to impose a higher sentence. Upon a revocation, "**the original sentence remained for execution as though it had never been suspended.**" *Id.* at 267 (emphasis added).

In *Roberts*, the Supreme Court interpreted Section 2 of the Federal Probation Act, cited as 18 U.S.C. § 725:

> At any time within the probation period the probation officer may arrest the probationer . . . or the court which has granted the probation may issue a warrant for his arrest, . . . [and] such probationer shall forthwith be taken before the court. . . . Thereupon **the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed**.

*Id.* at 266 n.2 (citing 43 Stat.1260; 48 Stat. 256.). The language is substantively identical to the D.C. Code statute governing revocation of probation that applies here:

> At any time during the probationary term the court may modify the terms and conditions of the order of probation, or may terminate such probation, when in the opinion of the court the ends of justice shall require, and when the probation is so terminated the court shall enter an order discharging the probationer from serving the imposed penalty; or **the court may revoke the order of probation and cause the rearrest of the probationer and impose a sentence and require him to serve the sentence or pay the fine originally imposed,** or both, as the case may be, or any lesser sentence. If imposition of sentence was suspended, the court may impose any sentence which might have been imposed.

D.C. Code § 24-304 (2001 ed) (emphasis added). The same analysis applies. Hence, this Honorable Court may not increase the sentence it imposed on June 14, 2022.

The D.C. Circuit also held that the district court could not impose a higher sentence than the original sentence, regardless of any ambiguity. In *United States v. Fogel*, 829 F.2d 77 (D.C. Cir. 1987), the defendant was placed on 12 months of probation. Approximately a week later, the district court determined it made an error in the sentencing and "then sentenced [the defendant] to a total of three to nine years imprisonment, suspended execution of the sentence, and placed appellant on three years probation with twelve months to be served under the [Residential Intensive Probation] program." *Id*. at 80. The D.C. Circuit determined that the district court erred in resentencing the defendant when it was clear on the record that the district court did not intend to impose imprisonment at the time of sentencing. *Id.* at 82 ("there is no evidence that the [district] court was attempting to impose a prison sentence and to specify the

place of confinement. The district court specifically stated to appellant that violations of the Order 'will result in your being returned to court and possibly subject to imprisonment.'") (citation omitted).

Similarly, here, there was no ambiguity. This Honorable Court imposed two sentences of incarceration for the two counts of conviction. On Count 4, no probation was imposed. On Count 5, this Court did not require Mr. Barber to serve 7 days and gave him probation. This Court determined that each sentence was sufficient and not greater than necessary under 18 U.S.C. § 3553(a). Hence, having sentenced Mr. Barber to 7 days on Count 5, this Honorable Court may not now increase his sentence. *Roberts*, 320 U.S. at 272-73 ("having exercised its discretion by sentencing an offender to a definite term of imprisonment in advance of probation, a court may not later upon revocation of probation set aside that sentence and increase the term of imprisonment").

    c. **Imposition of longer than 7 day sentence violates Mr. Barber's Constitutional rights.**

The D.C. Circuit in *Fogel* further addressed the constitutional violations that the increased sentenced imposed. As in *Fogel*, Mr. Barber had an expectation that his sentence was final. Hence, an increase in his sentence violates Double Jeopardy. *Fogel*, 829 F.2d at 87 ("If a defendant has a legitimate expectation of finality, then an increase in that sentence is prohibited by the double jeopardy clause.").

    d. **The Court cannot impose 120-days of incarceration for either Count 4 or Count 5.**

During the May 30th hearing, the government and the Probation Office argued that the Court may impose 120 days because Mr. Barber violated probation and because he is being

supervised by the federal probation office. The government cited 18 U.S.C. §3565 to support its position. The government and the Probation Office are wrong.

18 U.S.C. § 3565 simply does not apply here because Mr. Barber was not sentenced to a term of probation for a federal offense. 18 U.S.C. §3565 does not address sentences where the execution of a sentence was suspended. In addition, Section 3565 does not permit a federal court to increase a sentence. Section 3565(a)(2) permits a court to revoke a sentence and resentence the defendant under subchapter A. However, here, Mr. Barber was given probation for a *D.C. Code offense*, where the execution of a defined term incarceration was suspended. Furthermore, nothing in subchapter A (§§3551-3559) permits a defendant to be resentenced to a higher term after a sentence is final.

In order for the Court to now have authority to impose 120 days of incarceration, the Court would have had to sentence Mr. Barber to only probation on Count 4; or to a 120-day defined term or an undefined term of incarceration suspended on Count 5. The Court did not impose a sentence of probation on Count 4 and the government did not appeal the Court's sentence. The government is not permitted to now request that the Court magically find that it somehow placed Mr. Barber on probation on Count 4 or that it placed Mr. Barber on probation without a pre-defined sentence of 7 days' incarceration on Count 5, especially when it never appealed the Court's sentence. In short, Mr. Barber's sentence is final and the government cannot now ask the Court to undo a final sentence from June 14, 2022.

A sentence of 120 days would constitute an additional penalty, which the Court may not impose. *Jones v. United States*, 560 A.2d 513, 516 (D.C. 1989) ("in sanctioning violations of conditions of probation, the trial court is limited to the sentence originally imposed, or a lesser sentence.") (inner citations omitted). "When a probationer violates a condition of his probation,

the only appropriate sanction is a withdrawal of the previously afforded favorable treatment rather than the imposition of an additional penalty." *Id.*

To the extent that the criminal laws are ambiguous in this case, the laws must be interpreted in favor of the defendant subject to them. *United States v. Santos*, 553 U.S. 507, 514 (2008) (citations omitted).

## **Conclusion**

For the above reasons, the Court may not sentence Mr. Barber to any more than 7 days of incarceration in this case. The Court lacks authority to impose any additional incarceration, and any additional incarceration would violate Mr. Barber's constitutional rights barring double jeopardy and guaranteeing him due process.

                                                                Respectfully Submitted,

                                                                 A.J. KRAMER
                                                                 FEDERAL PUBLIC DEFENDER

                                                                 _____/s/_____
                                                                Ubong E. Akpan
                                                                Assistant Federal Public Defender
                                                               625 Indiana Ave., N.W.
                                                                Washington, D.C.  20004
                                                                (202) 208-7500

## CERTIFICATE OF SERVICE

I, Ubong E. Akpan, certify that on this 31st day of May 2023, I caused a copy of the foregoing Memorandum to be filed through the Electronic Case Filing ("ECF") system and served a copy on counsel for the government through the ECF.

/s/
Ubong E. Akpan
Assistant Federal Public Defender